IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No.: 1:04-CV-00868

KWABENA SABBY, )
)
        Plaintiff, )
)
v. )
) **CONSENT PROTECTIVE ORDER**
WACHOVIA CORPORATION, )
)
)
        Defendant. )
_____ )

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by the parties, with the consent of the parties, and it appearing that the discovery process in this action may involve the production of information that a party may contend is confidential and/or proprietary and that good cause exists for the entry of an Order limiting the disclosure of such information;

    IT IS THEREFORE ORDERED that:

    1.    "Confidential Information" as used herein means all personnel related records of individuals who are not parties to this case, documents concerning business transactions of defendants or their customers, business or other commercially sensitive information, whether documentary or otherwise, designated as "confidential" and delivered, produced or disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition question or otherwise. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case.

CLT 862789v1

2. All documents produced or information provided or disclosed by any party in discovery in this action as identified in paragraph 1 shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Protective Order, provided that the party producing or otherwise disclosing such documents or information designates such documents or information as "confidential" at the time of production or disclosure or as otherwise provided herein.

3. Confidential Information, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

    a. the Court;

    b. the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

    c. counsel for the parties to this action and employees of said counsel;

    d. experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

    e. third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

2

CLT 862789v1

Case 1:04-cv-00868   Document 11   Filed 05/11/05   Page 2 of 6

f. court reporters engaged to record depositions, hearings or trials in this action; and

g. mediators assigned to this case or selected by agreement of the parties.

4. Disclosure of Confidential Information pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 3(a), (b), (c), (f) and (g) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

b. Before Confidential Information is disclosed to any person set forth in subparagraphs 3(d) and (e) of this Order, the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A; and

c. As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any

3

objections as to the admissibility of any Confidential Information into evidence in connection with any proceeding in this action.

5. Any Confidential Information which is filed with the Court (in any form whatsoever) shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title in this action, an indication of the nature and contents thereof, the legend "Confidential" and a statement substantially in the following form:

> This envelope is sealed pursuant to an order of the Court and contains confidential information and is not to be opened or the contents thereof to be displayed or revealed by any person other than the Court or the attorneys for the parties except by order of the Court or pursuant to stipulation of the parties to this action.

6. If a party or witness desires to designate any portion of a deposition as Confidential Information, the designating party or witness shall have thirty (30) days after receipt of the transcript to designate portions of the transcript as Confidential Information and inform counsel of record in writing of such designation.

7. Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party that produced the information consents in advance in writing.

8. This order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from documents or information obtained (i) other than through discovery in this action, or (ii) from any person or entity with authority to

4

CLT 862789v1

provide such documents or information independent of any confidentiality requirement imposed by this Order.

9. If any party hereto disagrees with the designation of any discovery materials as confidential, counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of a confidential nature.

10. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

11. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Information.

12. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree to return to counsel of record producing such documents not later than forty-five (45) days after the termination of this litigation, any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents.

CLT 862789v1

It is so ORDERED this 11 day of May, 2005.

*Russell A. Eliason*
~~District Court~~ Judge

CONSENTED TO:

*Nancy Quinn*
Nancy Quinn
Attorney for Plaintiff

*Keith M. Weddington*
Keith M. Weddington
Kristi K. Walters
Attorneys for Defendant

6

CLT 862789v1